IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **SARAH MAE TERRY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:22-cv-116-RAH-CWB |
| | ) |
| **KILOLO KIJAKAZI, Acting** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed a *pro se* Complaint on March 7, 2022 to seek review of the final decision denying her application for Social Security Disability Insurance Benefits. (Doc. 1). By Order dated March 22, 2022, the undersigned Magistrate Judge directed Plaintiff to "file a brief in support of … her claim(s) for relief" within forty days after the Commissioner filed an answer and served her with a copy of the administrative record. (Doc. 4 at p. 2). The docket reflects that those triggering events occurred on June 21, 2022 (Doc. 10) and that Plaintiff failed to file a brief within the forty-day period thereafter.

On September 15, 2022, the undersigned Magistrate Judge thus entered an Order directing Plaintiff to show cause by October 6, 2022 as to why this action should not be dismissed for failure to prosecute in that "Plaintiff has not filed her brief, nor has she taken any additional action in the case." (Doc. 12 at p. 1). Upon Plaintiff's request, the briefing deadline was extended until November 18, 2022. (Docs. 13 & 14). Plaintiff subsequently requested, and was granted, a second extension. (Docs. 15 & 16). The second extension expressly cautioned Plaintiff that "**failure to submit a brief or retain counsel prior to December 19, 2022 will result in a dismissal of her**

**case.**" (Doc. 16 at p. 2) (emphasis in original). Nonetheless, Plaintiff requested a third extension of time (Doc. 17), which has been denied (Doc. 20).

Federal Rule of Civil Procedure 41(b) "authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order[.]" *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999); *see also Sanders v. Barrett*, No. 04-01146-CV-JTC-1, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute."); *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979) (upholding involuntary dismissal with prejudice under Rule 41(b) where *pro se* "appellant not only exhibited a pattern of delay, but also received a warning of dismissal and refused to obey court orders"). Here, Plaintiff has exhibited a pattern of noncompliance with her obligation to prosecute this action despite having been warned of the consequences (*i.e.*, dismissal) associated with an ongoing failure in that regard. The court is not unsympathetic to the difficulties that *pro se* litigants face. However, under these circumstances where Plaintiff has been afforded approximately 180 days beyond her original briefing deadline, the undersigned finds that no sanction lesser than dismissal will suffice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").[1]

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

---

[1] "Dismissal without prejudice leaves open the possibility that plaintiff may file a new civil action if [s]he obtains from the Commissioner 'such further time' to do so." *Wieszalski v. Colvin*, No. 3:12-CV-733, 2014 WL 1153737, at *2 (M.D. Ala. Mar. 20, 2014) (citing 42 U.S.C. § 405(g), which allows commencement of a civil action "within sixty days after the mailing to [the claimant] of notice of [the Commissioner's final decision] or within such further time as the Commissioner of Social Security may allow ") (emphasis added)).

Any party may file written objections to this Recommendation. Such objections must be filed with the Clerk of Court by **February 13, 2023**, must identify every objectionable finding or recommendation, and must state the specific basis for every objection being asserted. Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal the District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 30th day of January 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**